ORIGINAL

IN THE

# COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. 11-16-00250-CR

CHRISTOPHER BENNETT WOOTEN
PETITIONER

V.

THE STATE OF TEXAS
RESPONDANT

ON APPEAL FROM 11th DISTRICT COURT
OF APPEALS. EASTLAND, TEXAS

APPEAL FROM 118th DISTRICT COURT
HOWARD COUNTY, TEXAS
TRIAL COURT CASE NO. 14804

# PETITION FOR DISCRETIONARY REVIEW

FILED:
DECEMBER 13,
2016

FILED IN
COURT OF CRIMINAL APPEALS

DEC 20 2016

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 20 2016

Abel Acosta, Clerk

68.4a)

CHRIS WOOTEN - PETITIONER
#2089854
1992 HELTON RD.
PAMPA, TX. 79065

JUDGE YEATS 118th DISTRICT COURT
P.O. BOX 528    PH. #432-264-2225
BIG SPRING TX. 79721

ED COVINGTON - BALIFF 118th DISTRICT COURT
P.O. BOX 528    PH. #-432-264.2225
BIG SPRING, TX. 79721

KAREN FREEMAN - 118th DISTRICT COURT REPORTER
P O BOX 528    PH #432-264 2225
BIG SPRING TX 79721

RICK HAMBY - DEFENSE COUNSEL
1005 SCURRY    PH. #432 264.9600
BIG SPRING, TX 79720

H. WILKERSON DISTRICT ATTORNEY
L. PHILLIPS ASSIST. D. ATTORNEY
P.O. BOX 149    PH #432-264-2220
BIG SPRING, TX 79721

12/13/16

# b) TABLE OF CONTENTS

PAGE

c) INDEX OF AUTHORITIES — 1 THRU 4 PAGES

d) STATEMENT RE. ORAL ARGUEMENT — 1 PAGE

e) STATEMENT OF THIS CASE — 1 PAGE

f) STATEMENT OF PROCEDURAL HISTORY — 1 PAGE

g) GROUNDS FOR REVIEW

GROUNDS 1 THRU 3 — 3-9

GROUNDS 4 THRU 4 — 1a-4a

GROUNDS 5 THRU 12 — 1b-10b

h) ARGUEMENT — 3 PAGES

i) PRAYER — 1 PAGE

j) APPENDIX RULE 68.7 (C.O.A.) WILL SEND

ALSO 66.4 DOCUMENTS TO AID DECISION

NO. 11-16-0250-CR

CHRIS WOOTEN

P. D. R.

C.) # INDEX OF AUTHORITY

ABU-EIN V. ST. 921 SW.2d 807
P.5b, P2 ARGUEMENT(h)

ANDERS        87 S.CT. 1396
P. 1a, 3a

BANKS V. ST. 341 SW 3d 428
1a),

BARSHAW V. ST. 342 SW 3d 91,93,94 (CCA 2011)
4b

BITTERMAN V ST. 180 S.W. 3d 1412 (CCA 2012)
P 8,9

BLACK SHEAR V. ST. 342 SW.3d 777 (CCA 2011)
P6

BOWEN V. ST. 374 SW 3d 4278 (CCA 2012)
4a, 4b, 6b

BOYKIN V. ALA. 89 S.CT. 1709 (1969)
P 3,4

BRITT V. N. CAR. 92 S.CT. 431 (1971)
P.6

CHAVEZ V. ST 183 SW 3d 675-680 (CCA 2006)
2b, 3b, 5b

CHRONIC 104 S.CT. 2039
9b

DEARS V. ST. 154 SW3d 610-13-14 (CCA 2005)
3b, 5b, 6b

1

DAVIS V. ST. 329 SW3d 798

P. 6

EX PARTE LANGLEY 833 S.W.2d 141 (CCA1992)

P. 76

EX PARTE POOL 738 SW2d 285 (CCA1987)

76

EX PARTE RICH 194 SW3d, 508 (CCA2006)

10b

GIBSON V US 985 F2d 215 (5th CIR. 1993)

P. 3, 4, 5, 7

GREEN V. JOHNSON 119 S.CT. 1107

P 4

HARGESHEIMER V. ST. 182 SW. 3d 906 (CCA2006)

6b

HILL 106 S.CT. 370

P. 3

KIRTLEY V ST. 56 S.W. 3d 51-2 (CCA2001)

3b

KNOTTS V. ST. 31 SW3d P. 821 (CCA2000)

P. 2a

LAPOINTE V ST. 225 SW3d 513

1b

LUMPKIN 439 F2d 1085

P. 4

McCOY V. WIS. 108 S.CT. 1895 (1988)

P. 2a), 3a), 4a)

2

MC FATRIDGE V. ST. 262 SW3d 907 (CCA 2008)

P. 7

MOORE V. ST. 320 SW3d 365

1a

RE SCHULMAN 252 SW. 3d 403 (CCA 2008)

1a

ROE V. FLORES-ORTEGA 120 S. CT. 1029 (2000)

8b), 9b)

STRICKLAND V WASHINGTON 104 S.CT. 2052

P5, 9b

SWEED V ST. 351 S.W. 3d 63-68 (CCA 2011)

4b

THOR V U.S. 574 F2d 215 (1978)

P. 7

U.S. V HUMPHREY 7 F3d 1186 5th CIR. 1993

8b.2a

U.S. V. VALENCIA 600 F3d 389 (5TH CIR. 2009

P. 9

U.S. V. VARGAS 580 F3d 274 (5th CIR. 2009)

P. 9

U.S. V WILLIAMS 183 F3d 458,460 5th CIR (1999)

P. 5, 7

VON MOLTKE V. GILLIES 68 S.CT. 316,324 (1948)

P. 3a)

VIPARRI V ST. 49 SW3d 880,884, (CCA 2001)

P. 3b

3

WASHINGTON v. STRICKLAND 104 S. CT. 2052

P. 5

WILSON v. ST. 264 S.W. 3d. 104

P. 8

WOODS v. ST. 108 S.W. 3d 314 CCA(2003)

4

APP.# 11-16-00250-CR
TRIAL COURT CASE # 14804

(d) STATEMENT REGARDING ORAL ARGUMENT

    PETITIONER BELIEVES, GIVEN THE OPPORTUNITY TO ARTICULATE ON THE FACTS OF HIS APPEAL, DEMONSTRATING THE INNEFFECTIVENESS OF COUNSEL, THE TRIAL COURT' DISREGARD FOR 'TEXAS CODE OF CRIMINAL PROCEDURE', AND 'TEXAS RULES AND REGULATIONS'. ALSO, COURT OF CRIMINAL APPEALS, (11th) DISREGARD OF 'TEXAS RULES OF APPELLATE PROCEDURE', AND NOT GIVING PETITIONER TIME TO PERFECT, PROOF, AND SUBMIT PROPER PRESENTATION, ARGUMENT AND PRAYER FOR RELIEF.

    PETITIONER IS ABIDING BY THE RULES FILING 'PRO SE', TO THE BEST OF HIS ABILITY.

    SO FAR 'DEAF EARS', HAS BEEN HIS AUDIENCE.

12/13/16

## (e) STATEMENT OF THE CASE

Counsel's complete ABANDONMENT AFTER TRIAL COURT JUDGEMENT. Counsel mislead his client, giving erroneous advice about appeal process. Counsel refused to file one motion, petition "ORDER OF NON-DISCLOSURE", WRIT, or object at trial to the repeated request by client, who THE Whole court heard state, his <u>DESIRE TO APPEAL</u>. Petitioner "beside hisself frustrated, finally took it upon hisself to to file "pro se" motion to be ruled on by the JUDGE. <u>NEED TRANSCRIPTS</u> to prove.

AFTER filing various motions to 11th DISTRICT COURT OF APPEALS, who refuse to rule on any motions filed by petitioner. Giving case History of previous rulings by Texas courts. Obviously court of Appeals not following Texas rules of APPELLATE PROCEDURE.

## f) STATEMENT OF PROCEDURAL HISTORY

1) OPINION FILED SEPTEMBER 22, 2016
2) MOTION FOR REHEARING (NONE WAS FILED) COURT OF APPEALS RECOMENDED FILING A
3). PETITION FOR DISCRETIONARY REVIEW.

12/13/16

"STATEMENT OF CONTROLLING CASE

(F) PROCEDURAL HISTORY

RECEIVED IN
COURT OF CRIMINAL APPEALS
DEC 21 2016
Abel Acosta, Clerk

BOYKIN v. ALA. S.C. 89 1709 (1969) Justice
DOUGLAS HELD; REVERSABLE ERROR EXIST
WHERE RECORD DID NOT DISCLOSE THAT
DEFENDANT (D), VOLUNTARILY AND UNDER-
STANDINGLY, ENTERED A PLEA OF GUILT.
VARIOUS CONSTITUTIONAL RIGHTS ARE AT ISSUE,
1st PRIVILEDGE AGAINST SELF INCRIMINATION
5th AMENDMENT, APPLY TO THE STATES BY THE
14th AMENDMENT; 2nd RIGHT TO TRIAL BY JURY,
3rd THE RIGHT TO CONFRONT ONES ACCUSERS;
"CANNOT PRESUME A WAIVER BY A SILENT RECORD,
"NO TRANSCRIPTS" OF THREE FEDERAL AND
STATE RIGHTS.

PETITIONER (P) ASSERTS "BUT FOR COUNSEL'S
ERRORS, HE WOULD NOT HAVE PLEAD GUILTY,
AND WOULD HAVE INSISTED ON GOING TO TRIAL."
HILL 106 S.CRT. 370, STRICKLAND 104 S.CRT. 2064,
2052, 2067.

(P) CLAIMS PREJUDICE BY COUNSEL'S "FAILURE
TO FULLY INFORM HIM OF APPELLATE RIGHTS," AND
PETITIONER IS NOT REQUIRED TO DEMONSTRATE THAT
MERITS WOULD BE WORTHY ISSUES ON APPEAL.
COUNSEL' FAILURE TO ADVISE (P) ONCE A CONV-
ICTION IS ENTERED, "FAILS BELOW PREVAILING
PROFESSIONAL NORMS, AND IS CONSTITUTIONALLY
DEFICIENT PERFORMANCE." SEE GIPSON 985 F2d 215.
5th CIR. 1993

12/13/16                    (3)

GIBSON... IT IS WELL ESTABLISHED THAT IN THIS CIRCUIT... (5th)... "AS ELSEWHERE" THAT AN INDIGENT ACCUSED IS DENIED EFFECTIVE ASSISTANCE OR COUNSEL (E.A.C.), AT A CRITICAL STAGE OF THE CRIMINAL PROCESS WHEN HIS ATTORNEY FAILS TO ADVISE HIM OF HIS RIGHT TO APPOINTED COUNSEL ON APPEAL". SEE LUMPKIN 439 F2d, 1085. COUNSEL'S FAILURE TO RAISE ISSUE OR INCOMPLETENESS, WHERE DISCOVERY WOULD DISCLOSE NO RECORD OF (P)'s 1983 D.W.I. RECORD, SHOWING A DEFERRED ADJUDICATED PROBATION, SUCCESSFULLY COMPLETED.

SHOWING PREJUDICE: SEE GREEN V. JOHNSON 119 S. CT. 1107. A DEFENDANT CAN WAIVE RIGHT TO APPEAL EVEN THO HE HAS SPECIFICALLY RE-QUESTED COUNSEL TO FILE NOTICE OF APPEAL. (N. O. A.). BECAUSE THE RECORD WILL CLEARLY INDICATE THAT (P) INFORMED COUNSEL OF HIS "DESIRE TO APPEAL." WE THE 5th CIRCUIT, CON-CLUDE, "NO WAIVER OCCURRED" GIBSON LOST RIGHT TO APPEAL DUE TO COUNSEL'S ERROR. WHERE COUNSEL MISLEAD'S (P) WITH ERRONEOUS ADVISE OR FAILS TO TELL (P) OF HIS RIGHT TO APPELLATE COUNSEL THIS AMOUNTS TO INEFFECTIVENESS OF COUNSEL. (ASSISTANCE)

12/13/16

(4)

GIPSON CONT. 985 F.2d 212-215

(ABA) STANDARD - AFTER CONVICTION, A LAWYER SHOULD EXPLAIN TO DEFENDANT (D), THE MEANING AND CONSEQUENCES OF THE COURTS JUDGEMENT, AND (D)'S RIGHTS TO APPEAL. UNDER STRICKLAND, WE CONCLUDE THAT COUNSELS FAILURE TO INFORM (D) OF TIME LIMITATIONS FOR FILING APPEAL WAS OBJECTIVELY UNREASONABLE, THUS DENIAL OF 6TH AMEND. EFFECTIVE ASSISTANCE OF COUNSEL, FAILURE OF RIGHTS TO APPEAL AND TO HAVE THE TRIAL COURT APPOINT COUNSEL ON APPEAL.

— TRIAL COURT AND COUNSEL ERROR —

COUNSEL'S FAILURE TO CHALLENGE ENHANCEMENTS AT TRIAL, REQUIRE REVIEW FOR PLAIN ERROR. A COURT PLAINLY ERRS WHEN IT COMMITS ERROR THAT IS PLAIN, CLEAR, AND OBVIOUS, THAT AFFECTS (D'S) SUBSTANTIAL RIGHTS. SEE U.S. v. WILLIAMSON 183 F 3d 458 (5TH CIR 1999) PROCEEDINGS PROVE TO BE UNFAIR, UNRELIABLE, UNDERMINES CONFIDENCE, ALSO PROVING "THERE IS A REASONABLE PROBABILITY THAT "BUT FOR COUNSEL'S ERROR "(UNPROFESSIONAL) RESULTS FROM THE PROCEEDING WOULD HAVE BEEN DIFFERENT. QUOTING WASHINGTON, 104 S. CT. 2052

12/13/18                    (5)

## f) PROCEDURAL HISTORY-(PRO. HIST.)
### "WHEN TRANSCRIPTS REQUESTED"

**GROUND ONE:** COURT OF APPEALS (COA')

66.3 REASONS FOR GRANTING REVIEW (a) COURT OF APPEALS (COA') DECISION CONFLICTS WITH ANOTHER (COA') DECISION ON THE SAME ISSUE.

6) GROUND: 1

**FACTS SUPPORTING GROUND ONE:** PETITIONER (P)

SEPTEMBER 17, 2016 (P) FILED A MOTION WITH THE (COA') TRAP NO. 2 INDIGENT PARTY, REQUEST TRIAL COURT TO FURNISH TRANSCIPTS FOR APPELLATE REVIEW, WITHOUT CHARGE. THE COURT MUST ORDER THE REPORTER, RECORDER, TO TRANSCRIBE PROCEEDINGS. SEE BLACKSHEAR 342 SW3d. 777 (2011) STATE MUST AS A MATTER OF EQUAL PROTECTION, PROVIDE INDIGENT PRISONERS WITH THE BASIC TOOLS OF AN ADEQUATE DEFENCE OR APPEAL. BASIC TOOLS INCLUDE TRANSCIPTS OF PRIOR PROCEEDINGS, NEEDED FOR EFFECTIVE APPEAL. (P) SENT AFFIDAVIT OF INDIGENCY, INMATE DECLARATION, AND MOTION TO THE COURT OF APPEALS (COA'), AS STATED EARLIER, 118th DISTRICT COURT REFUSES TO COMMUNICATE WITH (P) PETITIONER. RULE 33.1 TRIAL COURT REFUSES TO RULE ON MOTIONS, REQUEST, (COA'), MUST STEP IN, ORDER TRIAL COURT CLERK TO DIRECT REPORTER TO PREPARE, CERTIFY, AND FILE IN (COA'), SUPPLEMENTAL RECORD CONTAINING OMITTED ITEMS. SEE: BRITT V. N. CAR. 92 S. CT. 431 (1971) STATE MUST PROVIDE AN INDIGENT WITH TRANSCRIPTS AS NEEDED ON APPEAL. SEE DAVIS V. ST. 329 SW3d 798. WHEN REVIEWING TRIAL CRTS. DECISION TO DENY A CHALLENGE, THE COURT OF CRIMINAL APPEALS (C.C.R.A') LOOKS AT THE ENTIRE RECORD TO DETERMINE IF THERE IS SUFFICIENT EVIDENCE TO SUPPORT RULING. 132 S. CT. 128, 181.

12/13/16



**G.) GROUND 1**

## TRANSCRIPTS

TRANSCRIPTS WILL PROVE PETITIONER'S (P) ALLE-GATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTORIAL VINDICTIVENESS, JUDICIAL MISCON-DUCT, COMPLETE ABANDONMENT OF COUNSEL, FAILURE OF STATE TO HONOR PLEA BARGAIN AND TRIAL COURT JUDGE PERMISSION TO APPEAL. MOTIONS FILED UPON AND RULED ON PRIOR TO TRIAL. TRAP. 25.2a)2) SEE: Petitioner v. U.S. V. WILLIAMS 183 F3d 460. COURT PLAINLY ERR'S, WHEN IT COMMITS (1) AN ERROR (2) THAT IS PLAIN, CLEAR, AND OBVIOUS (3) THAT EFFECTS DEF-ENDANTS (D'), SUBSTANTIAL RIGHTS. EVEN IF DISTRICT COURT PLAINLY ERRORS, (COA') SHOULD EXERCISE ITS DESCRETION TO CORRECT THE ERROR. U.S. V GIPSON 985 F.2d 215 (5th CIR. 1773 (D) CAN WAIVE RIGHT TO APPEAL (R.T.A.) WHEN HE HAS SPECIF-ICALLY REQUESTED HIS ATTORNEY TO FILE NOTICE OF APPEAL (NOA). BECAUSE THE RECORD WILL INDICATE THAT PETITIONER INFORMED COUNSEL OF HIS DESIRE TO APPEAL. SEE THOR 574 F2d 215 (1978) FED. R. 16a)1)≤) PROVIDES "UPON REQUEST, THE GOVERNMENT SHALL PERMIT (D) TO INSPECT AND COPY DOCUMENTS, TRANSZRIPTS, THAT ARE MAT-ERIAL TO HIS APPEAL. C.C.P ART. 26.04 MCFATRIDGE V. ST. 262 SW3d 902, (2008) (COA') SHOWS SOME DIFFER-ANCE TO TRIAL CRT. FACT. DETERMINATIONS REGARDING (D) INDIGENCE, IN CONTEXT OR SEEKING, FREE APPELLATE RECORD AND COURT APPOINTED COUNSEL. TRIAL CRT. IS NOT AT LIBERTY TO DISBELIEVE (D) ALLEGATIONS OF INDIGENCY.

7

12/13/16

Rev. 01/14/14

(CERT. OF APPEAL) f) PROC. HIST. DEFECTIVE OR?
f) STATEMENT OF CONTROLLING CASE LAW INACCURATE?

**GROUND TWO:** ADDRESSING CERTIFICATE OF APPEAL (CERT. O.A.)
INACCURATE DEFECTIVE CERTIFICATE OF
APPEAL (CERT. O.A.) CERT. O. A.) IS CONFLICTING WITH
TRIAL COURT TRANSCRIPTS AND MORE THAN (1) BOX CHECKED

G.) **FACTS SUPPORTING GROUND TWO:**

(C.O.A.) ERRED BY NOT REVIEWING TRANSCRIPTS,
(CERT. O.A.) T.R.A.P. REQUIRE, BEFORE (C.O.A.) DISMISSES
AN APPEAL ON PROCEDURAL DEFECT THAT COULD BE
REMEDIED, (C.O.A.) MUST DIRECT TRIAL CRT. TO CORRECT
PROCEDURAL ERROR. RULE 44.3, 44.4 WILSON V. ST.
264 S.W. 3d. 104 WHEN TRIAL CRT. (CERT. O.A.) IS
INACCURATE OR DEFECTIVE, WHEN MORE THAN
ONE BOX IS CHECKED, AND TRIAL CRT. JUDGE
GAVE PERMISSION TO APPEAL AND (P) FILED
AND JUDGE RULED UPON SAID MOTIONS, (P) MAY
APPEAL, REGARDLESS OF THE STATES OBJECTION.
SEE: BITTERMAN V. ST. 180 SW3d 141-42 (CCRA 2012), IT IS
A DEFENDANTS RIGHT TO HAVE STATE HONOR A PLEA-
BARGAIN. AFTER THE JUDGE HAS ACCEPTED PLEA-
AGREEMENT IN OPEN COURT, STATE MUST KEEP UP ITS
PART OF THE BARGAIN, OR PLEA IS CONSIDERED, INVOLUN-
TARY, WE HOLD THAT (P) PROPERLY PRESERVED THE ISSUE
OF PLEA BARGAIN BREACH BY FILING FOR A NEW TRIAL,
WHICH P. DID, FILE STAMPED 09/12/16 (C.O.A.) 11th DISTRICT.
AS 11th DIST. COURT REFUSES TO RECIPROCATE W/(P).
CCP 26.13 a) 3) PLAINLY STATES "ONLY TRIAL COURT MUST"
GIVE PERMISSION TO APPEAL, NOT THE STATE. WILSON (SEE)
(1) (C.O.A.) MUST ORDER TRIAL CRT. TO AMEND (CERT. O.A.) TO CORRECT,
(2) GIVE BOTH PARTIES ADVANCE NOTICE OF (C. O. A.) INTENT
TO DISMISS THE APPEAL, RULES 25.2 a) 2), d), 44.3, 44.4.

12/13/16

8

Rev. 01/14/14

**GROUND THREE:** CERTIFICATE OF APPEAL (CERT.O.A.) PROSECUTORIAL MISCONDUCT AND VIND- ICTIVENESS, AND JUDICIAL MISCONDUCT. 66.3A COA') DECISION CONFLICTS WITH ANOTHER (COA')

G. # 3

**FACTS SUPPORTING GROUND THREE:** AT TRIAL FOR THE 3rd TIME, PETITIONER (P) HAD ALREADY SIGNED ALL TRIAL CRT. DOCUMENTS, INCLUDING (CERT.O.A.) GRANTING (P) PERMISSION TO APPEAL, MOTIONS FILED AND RULED UPON BEFORE TRIAL. T.R.A.P 25 2 a) 2) B) EVEN THEN TRIAL CRT JUDGE CHECKED (3) BOXES, 2nd FROM THE TOP, AND 4TH AND (CERT.O.A.) 5th BOXES FROM THE TOP. (P) ASK COUNSEL ABOUT THIS, HE STATED "THATS AS GOOD AS IT GETS". DURING THE RENDITION OF THE READINGS, AND PLEADINGS BY THE JUDGE, THE DIST. ATT. H. WILKERSON OBJECTED TO THE JUDGE, AND STATED, "IF THE COURT GRANTS PERMISSION TO APPEAL, THE STATE IS WITHDRAWING ITS OFFER"! YOU CANNOT DO THAT. SEE: BITTERMAN, "STATE MUST HONOR ITS PLEA BARGAIN AGREEMENT. COURT OF APPEALS (COA'), APPLIES A TWO STEP ANALYSIS WHEN REVIEWING CLAIMS OF "PROSECUTORIAL MIS- CONDUCT," 1st IF AN IMPROPER REMARK WAS MADE, THEN DETERMINE WHETHER REMARK PREJUDICED DEFENDANTS SUBSTANTIAL RIGHTS AND CAST SERIOUS DOUBT... 5th CIR. U.S. v. VALENCIA 600 F3d 389, 131 S.CT. 285. ALSO: i) (COA') SHOULD (1) DETERMINE IF PROSECUTOR'S CONDUCT WAS LEGALLY IMPROPER, 2) IF (COA') FINDS ERROR IN PROSECUTORS REMARKS, IT REVERSES AND REMANDS FOR NEW TRIAL. U.S. v. VARGAS 580 F3d 274 5th CIR 2009

12/13/16        (9)

CONTROLLING CASE LAW.

F.) PROC. HIST.

G.) GROUND #4

66.3 REASONS FOR GRANTING REVIEW

11th DISTRICT COURT OF APPEALS ("COA"), DECISION CONFLICTS WITH ANOTHER ("COA") DECISION ON THE SAME ISSUE; SEPT. 12, 2016 ("COA") RECEIVED AND FILED A NON-REPRESENTATION NOTICE FROM R. HAMBY PETITIONER'S COUNSEL. THE ("COA") REMOVED COUNSEL WITHOUT ABIDING BY TEXAS RULES OF APPELLATE PROCEDURE, (T.R.A.P.) 6.5 WITHDRAWAL ("COA") MAY, PERMIT COUNSEL TO WITHDRAW, PROVIDED a) MOTION FOR LEAVE TO WITHDRAW MUST CONTAIN: AN ANDERS BRIEF, SEE: IN RE SCHULMAN 252 S.W.3d 403 (C.C.A 2008) A CRIMINAL DEFENSE ATTORNEY'S DUTY IS TO ZEALOUSLY REPRESENT THE INTEREST OF HIS CLIENT ON APPEAL. SEE: ANDERS 87 S.CT. 1396 AN ANDERS BRIEF REFLECTS THE FACT THAT THE ATTORNEY ADEQUATELY RESEARCHED THE CASE BEFORE DECIDING TO WITHDRAW. SEE BANKS V. ST. 341 S.W.3d 428 ("COA") HAS A DUTY TO CONDUCT A FULL EXAMANATION OF THE PROCEEDING AND IF INDEPENDANT INQUIRY REVEALS A NON-FRIVOLOUS OR ARGUEABLE GROUND FOR APPEAL, IT MUST ABATE PROCEEDING AND REMAND TO TRIAL COURT, SO THAT NEW COUNSEL CAN BE APPOINTED TO BRIEF THE ISSUES. SEE: MOORE V ST. 320 S.W.3d 365. WE ORDER APPELLANT'S RETAINED COUNSEL TO FILE IN THIS COURT A CERTIFICATION SHOWING, APPELLANT HAS BEEN NOTIFIED IN WRITING OF HIS RIGHT TO OBJECT TO THE MOTION AND APPELLANT MAY RETAIN OTHER COUNSEL OR FILE HIS OWN PRO SE BRIEF

12/13/16                           1(a)

F.) PROCEDURAL HISTORY/

G.) GROUND #4

AND FILE A MOTION FOR EXTENSION OF TIME TO FILE IT. KNOTT v. ST. 31 S.W. 3d (COA 1st DIST) (2000) P. 821.

U.S. v. HUMPHREY 7 F3d 1186 (5th CIR. 1993)

III TARBOX'S MOTION FOR LEAVE TO WITHDRAW [5] AN ATTORNEY, "WHETHER PAID OR APPOINTED," IS UNDER AN ETHICAL OBLIGATION TO REFUSE TO PROSECUTE A FRIVOLOUS APPEAL." SEE McCOY v. (C.O.A) OF WISCONSIN 108 S. CT. 1895, (1988). AN ATTORNEY PRESENTED WITH THIS DELEMMA IS UNDER OBLIGATION TO (1) ADVISE HIS CLIENT THAT IT WOULD BE A WASTE OF MONEY TO APPEAL AND UNETHICAL FOR COUNSEL TO GO FORWARD WITH IT. (2) INFORM THE COURT OF HIS CONCLUSION IN A MOTION TO WITHDRAW. 108 S.CT. @ 1901-02; COUNSEL HAS A DUTY TO ADVANCE ALL COLORABLE CLAIMS AND DEFENSES, THE CANONS OF PROFESSIONAL ETHICS IMPOSE LIMITS ON PERMISSIBLE ADVOCACY.

→ INDIGENT AND INCARCERATED, PETITIONER FIGHTS AN UPHILL BATTLE TO OVERTURN HIS CONVICTION. STANDING ALONE, PETITIONER IS HARDLY A MATCH AGAINST THE FORMIDABLE RESOURCES THE STATE HAS COMMITTED TO KEEPING HIM BEHIND BARS. "THE ACCUSED SHALL ENJOY THE RIGHT... TO HAVE ASSISTANCE OF COUNSEL FOR DEFENSE, AS WELL AS DEFENSE ON APPEAL." U.S. CONST. AMDT. 6. "CONTEMPLATES SERVICES OF AN ATTORNEY DEVOTED SOLELY TO

12/13/16                          2(a)

G.#4

f. PRO HIST

g. GROUNDS U.S. V. HUMPHREY

TO THE INTEREST OF HIS CLIENT." SEE: VON MOLTKE V. GILLIES 68 S. CT. 316, 324 (1948) - FAIR PROCESS, EQUALITY, AND JUSTICE ARE CONSTITUTIONAL REQUIREMENTS, FOR RICH AND POOR ALIKE, DESERVE "THE SAME RIGHTS AND OPPORTUNITIES ON APPEAL..." ANDERS 87 S. CT. 1396, 1400 (1967). MOTION TO WITHDRAW MUST BE ACCOMPANIED BY A ANDERS' OR "NO MERIT" BRIEF REFERRING TO ANYTHING IN THE RECORD THAT MIGHT ARGUABLY SUPPORT THE APPEAL. MCCOY, 108 S. CT. @ 1902. HELD: F. 1897, CONSTRUED BY THE SUPREME COURT TO REQUIRE A BRIEF STATEMENT OF WHY A PARTICULAR CASE, STATUTES, OR FACTS IN THE RECORD LEAD AN ATTORNEY TO BELIEVE HIS CLIENTS APPEAL LACKS MERIT-IS CONSTITUTIONAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS. COUNSEL MUST ASSURE THE APPELLATE COURT THAT HE HAS PROTECTED HIS CLIENT'S CONSTITUTIONAL RIGHTS BY DELIGENTLY AND THOROUGHLY SEARCHING THE RECORD FOR ANY ARGUABLE CLAIM THAT MIGHT SUPPORT THE APPEAL. BECAUSE COUNSEL MAY DISCOVER PREVIOUSLY UNRECOGNIZED ASPECTS OF THE LAW, IN THE PROCESS OF PREPARING HIS DISCUSSION REQUIRING AN ADDITIONAL SAFEGUARD AGAINST MISTAKEN FRIVOLOUSNESS CONCLUSIONS.

PETITIONER IS TO "BEG THE QUESTION," WHY DID COUNSEL WAIT SO LONG TO FILE A NON-REPRESENTATION NOTICE? NOTICE SHOULD HAVE

12/13/16                3(a)

G) COURT OF APPEALS MAY REFORM.

S.) PROCEDURAL HISTORY

BEEN FILED BACK IN FEBUARY, WHEN PETITIONER (P) HIRED HIM. COUNSEL HAS NOT LIFTED ONE FINGER FROM FEBUARY 2016 TO AUGUST 29, 2016, WHEN (P) ACCEPTED PLEA BARGAIN. ZILCH, ZERO, NOT ONE SCENTILLA-BIT OF RESEARCH, PREPAROTION, no motions, WRITS OR PETITIONS, FOR HIS CLIENT (P). COUNSEL'S OBLIGATIONS AS ON ADVOCATE, SINCE HIS DUTY IS TO HIS CLIENT (P), TO CONDUCT A ZEALOUS REVIEW OF THE RECORD FOR HIS CLIENT (P). MᶜᶜOY P.1902 IT IS THE OBLIGATION OF Any LAWYER To, "WHETHER PRIVOTELY RETAINED OR PUBLICLY APPOINTED" ZEALOUSLY RESOLVE ALL DOUBTS AND AMBIGUOUS LEGAL QUESTIONS IN FAVOR OF HIS CLIENT.

(P) REPEATEDLY REQUESTED COUNSEL TO ASK FOR A DIFFERENT VERDICT IN THE SENTENCING PHASE. ALSO REQUESTED COUNSEL TO FILE A "PETITION OF NON-DISCLOSURE." ON SEPTEMBER 12, 2016 (COA') FILED (P) "MOTION FOR A NEW TRIAL, ALONG W/ CONTROLLING CASE LAW; SEE BOWEN V. ST 374 S.W. 3d. 427, 28, (TX. CR. APP.) (COA') MAY REFORM A CONVICTION FROM A GREATER OFFENSE TO A LESSER-INCLUDED OFFENSE (L-I-O), IF EVIDENCE IS SUFFICIENT TO SUPPORT (L-I-O). COUNSEL WOULD NEVER INVESTIGATE, OF FILE on (P') BEHEST. HE EVEN STATED FOR THE RECORD "I HAD NOTHING TO DO WITH MY CLIENT'S FILING OF SAID MOTION". INEFFECTIVE ASSISTANCE of COUNSEL.

f) STATEMENT OF PROCEDURAL HISTORY.

Ground #5

LAPOINTE V ST. 225 S.W 3d 513 (Tx. CR. APP. 2007) APPELLATE COURT (C.O.A.'S) MUST DIRECT TRIAL COURT (T.CRT.), TO REMEDY ERROR FOR (C.O.A.'S) TO BE IN A POSITION TO EVALUATE APPEAL PROPERLY T. R. AP. 44.4 (COURT O.A.'S) MUST NOT DISMISS AN APPEAL IF: T.CRT.) ERROR, FAILURE OR REFUSAL TO ACT (PREVENTS PROPER PRESENTATION OF CASE TO (C.O.A.'S) FILED IN (C.O.A.'S) 11/18/16, PETITIONER (P), REQUESTED 34.5 CLERKS RECORD. (C.O.A.'S) ERRED BY NOT ORDERING (T.CRT.) TO PREPARE AND FILE `FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS REQUIRED BY LAW. (T.CRT.) CLERK MUST PREPARE, CERTIFY, AND FILE IN (C.O.A.'S), A SUPPLEMENTAL RECORD CONTAINING FINDINGS AND CONCLUSIONS. 34.6 C)5], RECORD MUST INCLUDE ALL TRANSCRIPTS, EVIDENCE, AND DISCOVERY, ADMITED AT TRIAL.

X SEE BAR SHAW 342 S.W. 3d. 91,93,94 (Tx. CRA 2011). WHEN (T.CRT.) HAS ERRONEOUSLY WITHHELD INFORMATION NECASSARY TO EVALUATE, PETITIONER (P) CLAIM ON APPEAL (e.g. FAILURE TO FILE REQUIRED FIND-P.52 INGS OF FACT) OR PREVENTED DEFENDAND [D], FROM SUBMITING INFORMATION NECASSARY TO EVALUATE HIS CLAIM (e.g. REFUSING TO PERMIT AN OFFER OF PROOF), (C.O.A.'S) IS DIRECTED TO STEP IN AND ORDER (T.CRT.), TO CORRECT THE SITUATION.

12/13/16                    (1) b

5) STATEMENT OF PROCEDURAL HISTORY/

CHAVEZ V. STATE 183 S.W. 3d. 675, 680 (Tx. CR. AP. 2006.) (1) TEXAS CRIMINALS DEFENDANT'S ENJOY CERTAIN RIGHTS OF APPEAL THAT ARE NOT ENUMERATED IN RULE 25.2 OF TEXAS RULES OF APPELLATE PROCEDURE, NOT REFERRED TO IN THE FORM FOR CERTIFICATION OF RIGHT TO APPEAL, AND NOT MENTIONED IN WOODS V. ST. 108 S.W. 3d 314 (Tx. CR. APP. 2003). (#) PLEA-BARGAIN DEFENDANTS HAVE A RIGHT TO APPEAL JURISDICTIONAL ISSUES, NOT IN CERTIFICATE OF APPEAL (C.O.A.) (5) PLEA BARGAIN DEFENDANTS (P.B.D.). HAVE A RIGHT TO APPEAL UNATHORIZED SENTENCES, WHICH IS NOT REFERENCED IN EITHER THE (C.O.A.), RULE OR FORM. (6) WHEN A TRIAL COURT HAS CERTIFIED THAT A (P.B.D.) HAS NO RIGHT TO APPEAL, AND THE DEFENDANTS ATTORNEY HAS FILED AN ANDERS BRIEF, (COURT A.'S) HAS THE RIGHT AND DUTY TO CONDUCT AN INDEPENDANT REVIEW OF THE RECORD FOR SUCH ISSUES. (ERRORS USING ILLEGAL ENHANCE MENTS. SUCCESSFULLY COMPLETED DEFERRED ADJUDICATED PROBATIONS, JURISDICTIONAL DEFECTS. AND SENTENCE LEGALITY. COURT OF APPEAL'S (COURT O. A.'S) HAS AUTHORITY.

2(6)

S. ST. OF PROC. HIST.

CHAVEZ CONT.

HOWEVER, COURT OF APPEALS (COA')
ALSO DETERMINED THAT IN SPITE OF
THE CERTIFICATE TO APPEAL (CERT.O.A.)
IT HAS A DUTY TO PERFORM AN INDE-
PENDANT REVIEW OF THE RECORD UPON RECEIPT
OF AN ANDERS BRIEF. P680 THUS, IF A
JURISDICTIONAL ISSUE WERE RAISED BY WRITTEN
MOTION FILED AND RULED UPON BEFORE TRIAL
OR PERMISSION WAS GRANTED, PETITIONER (P),
WHO PLEA BARGAINED WOULD HAVE THE
RIGHT TO APPEAL THAT ISSUE.

KIRTLEY V. ST. 56 S.W. 3d P51 (TX. CR.APP 2001).
P.51 VIDAURRI V. ST. 49 SW 3d 880, 884 (TX. CR. APP. 2001)
A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL
(IAC), AT THE PUNISHMENT HEARING AFTER ADJUD-
ICATION OF GUILT IS "UNRELATED TO" A

CLAIM REGARDING THE PROPRIETY OF
THE CONVICTION. THERE IS NOTHING TO
PROHIBIT APPELLANT (A), FROM CLAIMING (IAC)
DURING THE PUNISHMENT HEARING ON
APPEAL. TRAP 34.6 f) (4) IS ENTITLED TO A NEW
TRIAL; 4) IF THE PARTIES CANNOT AGREE ON A
COMPLETE RECORD. THE LEGISLATURE
CREATED THIS CONONDRUM BY INTRODUCTION OF
THIS PROCESS, CREATING CONFUSION AND DISARRAY,
AMONG THE LOWER COURTS. P914 UNTIL THE LEGISLATURE
CHANGES,... CONFUSION AND ~~DISARRY~~ SHALL CONTINUE.
DISARRAY

3(b)

663f)

#7.

P2 (COA') MEMORANDUM (MEMO) OPINION STATES
APPELLANT (A), REPEATEDLY STATED TO HIS ATTORNEY
OF HIS WILLINGNESS TO PLEAD GUILTY TO A LESS-
ER INCLUDED OFFENSE (L-I-O) BASED UPON THE
INVALIDITY OF THE ENHANCEMENTS. COA'
NEVER RESEARCHED THE MATTER. RULE 66.3 (a)
66.3 (COA') DECISION CONFLICTS WITH ANOTHER (COA')
(a) DECISION UPON SAME ISSUE. FILED: 11th DISTRICT
(COA'), PETITIONER (P) FILED MOTION CCP ART. 37.08
REQUESTING A SENTENCE MODIFICATION, "CONVICTION
OF A LESSER INCLUDED OFFENSE. SEE BOWEN V ST.
374 SW 3d 427-28 (CCRA) HELD: A COURT OF
APPEALS (COA'), MAY REFORM A CONVICTION FROM
A GREATER OFFENSE TO A (L-I-O), IF THE EVIDENCE
IS FACTUALLY SUFFICIENT TO SUPPORT THE LESSER
INCLUDED OFFENSE (LIO). SEE: SWEED V ST 351
SW 3d 63-68 (CCA 2011) ANY THING MORE THAN A SCEN-
TILLA OF EVIDENCE IS SUFFICIENT TO ENTITLE A
DEFENDANT (D) TO A LESSER CHARGE. SEE:
BARSHAW V. ST. 342 SW. 3d 91, 3-4 (C. CR. APP. 2011)

A CONVICTION MUST BE REVERSED FOR NON-
CONSTITUTIONAL ERROR IF THE REVIEWING COURT
HAS GRAVE DOUBT, THAT THE RESULT OF THE
TRIAL WAS FREE FROM THE SUBSTANTIAL EFFECT
OF THE ERROR. "GRAVE DOUBT" MEANS THAT
IN THE JUDGES MIND, THE MATTER IS SO EVENLY
BALANCED THAT HE FEELS HIMSELF IN
VIRTUAL EQUIPOSE AS TO THE HARMLESSNESS
OF THE ERROR. IN CASES OF GRAVE DOUBT,"
AS TO HARMLESSNESS THE PETITIONER MUST
WIN!

12/13/16

4B

RECEIVED IN
COURT OF CRIMINIAL APPEALS
DEC 21 2016
Abel Acosta, Clerk

GROUND #8    COURT OF APPEALS ERR, FAILURE TO REVIEW
(P) CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL (IAC)

STATEMENT OF PROCEDURAL HISTORY/JURISDICTION

~~GROUND FOUR~~:

11th COURT OF APPEAL'S (COA) MEMORANDUM
OPINION # 11-16-00250 CR CONTROLLING CASES
HISTORY: PEAKS V. ST. 154 SW. 3d 610, 613-614
(TX CRIM. APP. 2005) CHAVEZ V. ST. 183 SW3d. 675, 680
(TX. CRIM. APP. 2006)

**FACTS SUPPORTING GROUND FOUR:**

DESPITE RULINGS IN PEAKS AND CHAVEZ
PETITIONER'S (P) CHALLENGE TO OVERCOME IS
DONE BY ASSERTING: ABU-EIN V. ST 921 S.W.
2d 807 A DEFENDANT'S ELECTION TO PLEAD GUILTY
WHEN BASED UPON ERRONEOUS ADVISE OF
COUNSEL IS NOT MADE VOLUNTARILY. COUNSEL
MISLEAD (P) WITH ERRONEOUS ADVISE ABOUT THE
CERTIFICATE OF APPEAL, NOT INFORMING (P) ABOUT
PETITION FOR DISCRETIONARY REVIEW, FAILING TO FILE
MOTIONS TO COMPLY W RULE 25.2 a) AND e). ALSO HE
ABANDONED HIS CLIENT (P), AND FAILED TO FILE
A "MOTION TO WITHDRAW. SEE: RIEWE V.
ST. V. RIEWE 13 S.W. 3d 408 (TX. CRIM. APP.
2000) STATUTORY CERTIFICATION REQUIREMENTS WERE
JURISDICTIONAL, (P) ALLEGES HIS D.W.I. SHOULD
HAVE BEEN IN COUNTY COURT AS OPPOSED TO
DISTRICT COURT, APPELLATE JURISDICTION
IS INVOKED BY GIVING "NOTICE OF APPEAL".
(P) CLAIMS THE ADVISE HE RECEIVED ABOUT PLEADING
GUILTY TO A FELONY WAS IN ERROR, BECAUSE THE ALLEGED
OFFENCE HE COMMITTED WAS ONLY A MISDEMEANOR.
PEAKS CONCLUDED: A CERT. OF APPEAL IS DECEPTIVE,
DEFECTIVE, AND INACCURATE IF IT IS CONTRARY TO THE
RECORD. PLUS THE FACT MORE THAN ONE BOX WAS
CHECKED. (COA) NEVER REVIEWED THE RECORD,
OR TRANSCRIPTS TO CONFIRM THE VALIDITY OF
CERTIFICATE OF APPEAL IBILITY.

5 B

12/13/16

Ground #9 Inaccurate Cert. of Appeal

STATEMENT OF JURISDICTION

PEARSY v. ST. CONT. ANALYSIS

JURISDICTION: (TX. CRIM. APP. 2005) QUOTE:

WE GRANTED PEARSY PETITION FOR DISCRETIO-

NARY REVIEW WHICH CONTENDS, THE (COA')

ERRED IN DISMISSING THESE APPEALS FOR

WANT OF JURISDICTION. SEE: BOWEN

V. ST. 374 S.W. 3d. 427-8 TX. CR. APP. HELD:

(COA') MAY REFORM A CONVICTION.

HARGESHEIMER V. ST. 182 SW 3d 906 (CCA 2006)

P.913... TRIAL JUDGE MUST CHECK THE BOX

AND ONLY ONE ① BOX ON THE CERTIFICATION

OF APPEAL. PETIONER 'CERT. O. APPEAL HAD MORE

THAN ONE ① BOX CHECKED, BEING INACCURATE

DEFECTIVE AND DECEPTIVE. THE CHOICE OF WHICH

BOX TO CHECK SHOULD BE PRECISE AND CLEAR.

THE TRIAL COURT GAVE PERMISSION TO APPEAL BY

JUDGE YEATS IN (P) COA43

(B)

12/13/16

(IAC) CONTINUED FROM GROUND #9

GROUND #10 "ILLEGAL ENHANCEMENT'S"
STATEMENT OF PROCEDURAL HISTORY
"NON-FINAL CONVICTIONS DEFERRED"

**GROUND:**

T.R.A.P. RULE 66.3 a) EX PARTE LANGLEY 833 S.W.2d (P.141 TX. CR. AP. 1992) INEFFECTIVE ASSISTANCE OF COUNSEL (IAC.) P.143 IV COUNSEL HAS A DUTY TO MAKE A PROPER INVESTIGATION AND PREPARE FOR TRIAL. THIS DUTY INCLUDES

**FACTS SUPPORTING GROUND:** INVESTIGATING A DEFENDANT'S (D) PRIOR CONVICTIONS EX PARTE POOLE 738 S.W.2d 285 (TX. CR. APP. 1987) CONCLUSION V PETIONER WOOTEN CLAIMS AS IN LANGLEY HIS SENTENCE OF 13 YEARS CONFINEMENT BEING A "REMARKABLE VERDICT" AND AN EXTRA ORDINARY RESULT RESULTING FROM COUNSELS FAILURE TO APPROPRIATELY CHALLENGE THE ENHANCEMENT ALLEGATION, THUS, INEFFECTIVE ASSISTANCE OF COUNSEL.

P.143 III ENHANCEMENT (A PROBATED SENTENCE) IT IS WELL ESTABLISHED AND SETTLED THAT A PROBATED SENTENCE IS NOT A FINAL CONVICTION FOR ENHANCEMENT PURPOSES, UNLESS IT IS REVOKED. DEFERRED - "BLACK'S LAW DICTIONARY" SUCCESSFUL COMPLETION OF WHICH WILL PREVENT ENTRY OF THE UNDERLYING JUDGEMENT OF CONVICTION. PETITIONER (P) REPEATEDLY ASK COUNSEL TO FILE A "PETITION OF NON-DISCLOSURE" ON PRIOR 1983 AND 1986 MISDEMEANOR D.W.I'S AS HE MOST ASSUREDLY SUCCESSFULLY COMPLETED HIS DEFERRED-ADJUDICATED PROBATIONS. (30) THIRTY AND (33) YEARS AGO. THIS IS THE 3rd TIME HOWARD COUNTY HAS PROSE-CUTED PETITIONER ON THESE 30 AND 33 YEAR OLD DEFERRED PROBATIONS. ¿ QUESTION? WHEN DOES THE MADNESS STOP? IN LANGLEY HELD:

(D) WAS DEPRIVED OF EFFECTIVE COUNSEL BY HIS FAILURE TO DISCOVER PRIOR CONVICTION(S) COULD NOT BE USED FOR ENHANCEMENT.

7(B)

12/13/16

Ground #11 COA' SANCTIONED LOWER CRTS. ILLEGAL RULINGS. 66.3f)

66.3 a)    f) STATEMENT OF PROCEDURAL HISTORY
INEFFECTIVE ASSISTANCE OF COUNSEL (IAC)

ROE V. FLORES-ORTEGA 120 S. CT. 1029 (2000)

DENIAL OF COUNSEL ALTOGETHER ON APPEAL WARRANTS A PRESUMPTION OF PREJUDICE, BUT MERE INEFFECTIVE ASSISTANCE OF COUNSEL (IAC) DOES NOT. USCA. CONST. AMEND. 6: EITHER ACTUALLY OR CONSTUCTIVELY, IS PRESUMABLY PREJUDICIAL. COUNSEL HAS A CONSTITUTIONALLY IMPOSED DUTY TO CONSULT WITH DEFENDANT (D) ABOUT AN APPEAL WHEN THERE IS REASON TO THINK EITHER (1) A RATIONAL (D) WOULD WANT TO APPEAL, OR (2) THIS PARTICULAR (D) REASONABLY DEMONSTRATED TO COUNSEL THAT HE WAS INTERESTED IN APPEALING. PETITIONER (P) ASSERTS THAT COUNSEL KNEW (P) DEMANDED THE RIGHT TO APPEAL UPON ACCEPTING ANY PLEA BARGAIN. IF COUNSEL KNEW OR SHOULD HAVE KNOWN (P) INTEREST IN APPEALING, HE SHOULD HAVE WITHDRAWN FROM THE TRIAL COURT, AND REQUESTED THE JUDGE TO APPOINT HIS CLIENT REASONABLE ASSISTANCE OF COUNSEL. COUNSEL'S CONSTITUTIONALLY DE-FICIENT PERFORMANCE DEPRIVED (P) OF APPEAL, THUS PROVING (P) CLAIM OF (IAC) SUCCESSFULLY ENTITLING HIM TO HIS RIGHT TO APPEAL. EVEN WHEN (P) PLED GUILTY, THE COURT KNEW OF HIS DESIRE TO APPEAL HIS CASE BASED UPON THE INVALIDITY OF ENHANCEMENTS. THE COURT MUST CONSIDER THESE ISSUES, CONSTITUTING A UNVOLUNTARY, UNINTELLIGENT, UNKNOWINGLY ACCEPTANCE OF A PLEA OF GUILT WITHOUT THE POSSIBILITY OF APPEAL. (P) WAS ADAMENT BEFORE THE COURT OF HIS INTENTIONS TO APPEAL.

12/13/16                    8 (b)

GROUND #11 CONT.

ROE V. FLORES-ORTEGA

IT IS EASY TO SHOW AND PROVE (IAC) WHEN YOUR ATTORNEY HAS DONE "ABSOLUTELY NOTHING." COUNSEL HAS BEEN A NON-REPRESENTITIVE FROM THE DAY HE WAS HIRED. INCOMPETENT, NEGLIGENT, AS HE WOULD NOT FILE ONE OBJECTION, WOULD NOT FILE ONE MOTION, WRIT, OR PETITION ON BEHALF OF HIS CLIENT (P). BESIDES BEING A MOUTHPIECE FOR THE STATE, COUNSEL DID "NOTHING." AS YOU CAN TELL NOW, THE (P) IS AND HAS DONE EVERY THING "PRO SE," NO ASSISTANCE WHAT SO EVER FROM ANY ONE. ACCESS IN THE COUNTY TO "O'CONNOR'S TEXAS CRIMINAL CODES PLUS (2013-14) AND NOW TDCJ-CID LAW LIBARY, BEING HIS ONLY ASSISTANCE. THE MAGNITUDE OF DEPRIVATION IN THIS CASE TO ME IS OVERWHELMING. EFFECTING THE ABILITY TO RECEIVE A FAIR TRIAL. SEE STRICKLAND 104 S. CT. 2052, PRESUMPTION OF PREJUDICE BASED UPON COUNSEL'S COMPLETE ABANDONMENT: SEE CHRONIC 104 S. CT. 2039 FOCUSING ON THE TOTALITY OF THE CIRCUMSTANCES, COURTS MUST TAKE INTO CONSIDERATION THE INFORMATION COUNSEL KNEW OR SHOULD HAVE KNOWN. WHEN FACED WITH THE FACTS, COUNSEL MISLEAD HIS CLIENT (P) WITH FALSE AND ERRONEOUS ADVISE, WHICH NOW PROVES TO BE UNADULTRATED LIES, FABRICATIONS, JUST TO GET HIS CLIENT TO PLEA GUILTY, EVEN WHEN KNOWING (P) IS NOT HAPPY WITH THE DECISION'S COUNSEL IS MAKING.

9 (b)

12/13/16

GROUND #12 UNAUTHORIZED CONVICTION.
663a]f) STATEMENT OF PROCEDURAL HISTORY
— DUE PROCESS —
VIOLATION OF 5th AND 14th AMEND. U.S. CONST.

EX PARTE RICH 194 S.W.3d 508 (TX. CR. APP. 2006)
P.515 HELD: THE INCARCERATION OF AN INNOCENT
PERSON IS VIOLATION OF "DUE PROCESS" SEE
EX PARTE ELIZONDO 947 S.W.2d 202, 205
(TX. CR. APP. 1996) P.517 WE GRANT RELIEF, NOT BECAUSE
THE CONVICTION WAS "UNAUTHORIZED", BUT BECAUSE
SUCH A CONVICTION DENIES "DUE PROCESS."
DESPITE THE GENERAL RULE THAT A PLEA OF
TRUE TO AN ENHANCEMENT PARAGRAPH RELIEVES
THE STATE TO PROVE A PRIOR CONVICTION ALLEGED
FOR ENHANCEMENT AND FORFEITS A DEFENDANTS
"RIGHT TO APPEAL" THE INSUFFICIENCY OF EVIDENCE
TO PROVE PRIOR CONVICTIONS, THERE IS AN EX-
CEPTION, WHEN THE RECORD AFFIRMATIVELY RE-
FLECTS THE ENHANCEMENT ITSELF IS IM-
PROPER. NEITHER THE STATE NOR TRIAL COURT
HAS THE AUTHORITY TO ENSURE COMPLIANCE
WITH A SENTENCE ENTERED PURSUANT TO A PLEA
AGREEMENT THAT SO GREATLY EXCEEDS
THE STATUTORY RANGE OF PUNISHMENT.
SENTENCE WAS RENDERED ILLEGAL AND UNENFORC-
ABLE DUE TO MISCHARACTERIZATION OF PRE-
DICATE OFFENSE. (D) COULD RAISE CHALLENGE
TO ILLEGAL SENTENCE FOR FIRST TIME ON HABEAS
CORPUS REVIEW.

12/13/16                    (10-6)

## h) ARGUEMENT

__66.3 REASONS FOR GRANTING REVIEW__

h) ARGUEMENT 66.2 a) IN PETITIONER'S (P'S) GROUNDS ARE A VARIETY OF CONTROLLING CASE LAW DECISIONS BY OTHER COURT OF APPEALS, FEDERAL 5th CIRCUIT, AS WELL AS SUPREME COURT CONTROLLING (P) CASE, CHALLENGE TO OVERCOME, CERTIFICATE OF APPEALS INACCURATE AND/OR DEFECTIVE, FAILURE OF LOWER COURT 118th DISTRICT, TO PROVIDE TRIAL COURT PROCEEDINGS, TRAN-SCRIPTS, COURT OF APPEALS (11th DISTRICT), SANCTIONING OF A LOWER COURTS DEPARTURE, AND 11th DISTRICT FAILURE TO RECOGNIZE (P'S), ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, JUDICIAL MISCONDUCT, AND PROSECUTORIAL VINDICTIVENESS.

f) NEITHER CONTROLLING NOR FULLY MEASURING THE COURT OF CRIMINAL APPEALS DISCRETION, PLEASE CONSIDER; AS TO CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS' POWER OF SUPERVISION, IN RE-SOLVING THIS DEPARTURE FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PRO-CEEDINGS.

12/13/16

## (h) ARGUMENT

## "INEFFECTIVE ASSISTANCE OF COUNSEL"

FEBUARY 25, 2016, PETITIONER (P), RETAINED COUNSEL, A MR. RICK HAMBY, RETIRED DISTRICT ATTORNEY FOR HOWARD COUNTY, 118th DISTRICT, BIG SPRING, TEXAS, FROM 1977-1997. (P) INFORMED MR. HAMBY COUNSEL, OF HIS DELIMMA, D.W.I., 3rd OR MORE, AND REQUESTED HIS SERVICES. A DEAL WAS ARRANGED FOR COUNSEL TO RESEARCH THE CASE AND (P) ASK COUNSEL TO FILE A "PETITION FOR NON-DISCLOSE" ON PREVIOUS D.W.I.'s AS HE BEING UNDER THE IMPRESSION CONVICTIONS WERE "NULL AND VOID" FOR ENHANCEMENT PURPOSES AS (P) COMPLETED SUCCESSFULLY "DEFEFFERED, ADJUDICATED PROBATION," ON PRIOR D.W.I.'s FOUR MONTHS LATER (P) BEING ARRESTED AS HE WAS OUT ON $2500.00 BOND, COUNSEL HAD AS OF YET DONE NOTHING FOR HIS CLIENT, PROCRASTINATING AND NEGLECTING TO INVESTIGATE, FILE A MOTION, PETITION, OR WRIT ON BEHALF OF HIS CLIENT.

THE ONLY EFFECTIVE ASSISTANCE OF COUNSEL, (P) HAS HAD WAS AN 'O'CONNOR'S TEXAS CRIMINAL CODES PLUS (2013-14), LAW BOOK, ANOTHER INMATE AT HOWARD COUNTY

12/13/16 (1)

## 1) ARGUEMENT CONTINUED

JAIL HAD. (P) TOOK IT UPON HIM SELF TO FILE VARIOUS MOTIONS, PETITIONS, WRITS, AND REQUEST BECAUSE ON THE CERTIFICATE OF APPEAL, (C.O.A.) IT PLAINLY STATES AT THE BOTTOM *T.R.A.P. 25.2 a)2): IN A PLEA BARGAIN CASE A DEFENDANT MAY APPEAL ONLY: (A) THOSE MATTER'S THAT WERE RAISED BY WRITTEN MOTION FILED AND RULED ON BEFORE TRIAL, OR (B) AFTER GETTING TRIAL COURT'S PERMISSION TO APPEAL.

THUS PROVING "INEFFECTIVE ASSISTANCE OF COUNSEL" (I.A.C.).

STATE BAR OF TEXAS REQUIRES A LAWYER TO ZEALOUSLY PURSUE A CLIENTS INTEREST, BEING COMPETENT, PROMPT, AND DELIGENT, NOT PROCRASTINATING, FAILING FREQUENTLY TO CARRY OUT, OBLIGATIONS OWED TO A CLIENT. NEGLIGENCE SIGNIFIES, INATTENTIVENESS, IN-VOLVING A CONSCIENCE DISREGARD FOR THE RE-SPONSIBILITIES OWED TO A CLIENT.

AFTER (P) GIVING UP ALL HOPE IN HIS COUNSEL, THE JUDICIAL SYSTEM AS A WHOLE, HE IN-VOLUNTARILY, UNINTELLIGENTLY, UNKNOWINGLY, WAIVED VARIOUS RIGHTS, AND ACCEPTED PLEA OF 13 YEARS CONFINEMENT. COUNSEL MISLEAD (P) WITH ERRONEOUS ADVISE ABOUT APPEAL, NOT INFORMING HIM OF HIS RIGHTS TO APPELLATE COUNSEL, P.D.R. OR TIME LIMITS.

SEE: ABU-EIN V ST. 921 S.W.2d 807

12/13/16

(2)

# i) PRAYER

IT IS A COMMON PROVERB THAT "DUE DILIGENCE IS THE MOTHER OF GOOD FORTUNE" AND EXPERIENCE HAS SHOWN IN MANY AND GRAVE INSTANCES HOW THE FAITHFUL APPLICATION OF ONE APPEALING TO THE HIGHEST COURT OF THE LAND WISHES AND SO DESIRES TO BRING A SUCCESSFULL CLOSE, A DOUBTFUL UNDERTAKING. PETITIONER (P) ONLY EFFECTIVE ASSISTANCE OF COUNSEL BEING HIS OWN DELIGENCE AN O'CONNOR'S TX. CRIMINAL CODES PLUS, JAIL-HOUSE LAWYER HAND-BOOK, WHILE IN HOWARD COUNTY JAIL, AND NOW IN TDCJ. CID, AN INADAQUATE LAW LIBRARY, UNLESS YOU HAVE ACCESS TO A COMPUTER TO ACCESS LEXIS NEXUS. TAKING ALL THIS INTO CONSIDERATION (P) BEGS TO QUESTION, FOR THE COURT OF CRIMINAL APPEALS (C. OF RA) TO EXERCISE ITS AUTHORITY AND POWER OF SUPERVISION, IN GUIDING THE COURT OF APPEALS (COA') BACK FROM ITS DEPARTURE OF REVIEW, CORRECTION, MODIFICATION, AND REPREMAND, THUS ALLOWING (P) A CHANCE TO PROVE, "BEYOND A SHADOW OF DOUBT" THAT HE IS INNOCENT OF THE GREATER OFFENSE, GUILTY OF (ONLY) A LESSOR INCLUDED OFFENSE, MISDEMEANOR DWI., OR GIVE (P) AN ACQUITTAL DUE TO THE VINDICTIVENESS OF BOTH PROSECUTORAL AND JUDICIAL, INEFFECTIVENESS OF COUNSEL, MISCONDUCT. WHEREFORE PETITIONER PRAYS THE COURT GRANT DISCRETIONARY REVIEW", RELIEVING HIM IN KNOWING THE HIGHEST COURT OF THE LAND IS LENDING A GUIDING HAND, TO WHICH IF PROVEN TRUE BY HIS DUE DILIGENCE HE MAY REGAIN HIS FREEDOM, LIBERTY AND SEE JUSTICE BEING DONE.

RESPECTFULLY SUBMITTED,

'PRO SE'

## PETITIONER'S INFORMATION

Petitioner's printed name: _CHRIS WOOTEN #2089854_

State bar number, if applicable: _____

Address: _1992 HELTON RD._
_PAMPA, TX 79065._
_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _CHRIS WOOTEN_, am the applicant / petitioner (circle one) and

being presently incarcerated in _TDCJ-CID_, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on 13th of DEC., 20 16.

_____
Signature of Applicant / Petitioner (circle one)

17



In The

# Eleventh Court of Appeals

## No. 11-16-00250-CR

### CHRISTOPHER BENNETT WOOTEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 118th District Court

Howard County, Texas

Trial Court Cause No. 14804

## MEMORANDUM OPINION

Appellant, Christopher Bennett Wooten, entered into a plea agreement with the State. He pleaded guilty to the offense of felony driving while intoxicated and true to the enhancement allegation. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement at confinement for thirteen years. Appellant filed a pro se notice of appeal. We dismiss the appeal.

This court notified Appellant by letter dated August 31, 2016, that we had received information from the trial court that Appellant waived his right of appeal and that, because this case stems from a plea bargain, Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed various documents in this court, including a response in which he asserted that he raised a matter by written motion filed prior to trial and that he repeatedly stated to his attorney that he was willing to plead guilty to a lesser included offense based upon the invalidity of the enhancements.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this appeal reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, that Appellant waived his right of appeal, and that the trial court did not give Appellant permission to appeal. Even if, as Appellant suggests, he raised a matter by written motion prior to trial, he subsequently waived his right of appeal. The documents on file in this case reflect that Appellant, his attorney, and the judge of the trial court signed a document in which Appellant expressly waived various rights. Appellant specifically waived "any appeal of my case and by so doing say and represent to the Court that no such appeal shall be made by me personally or through my attorney." The trial court certified that Appellant has no right of appeal and that Appellant waived the right of appeal. The certification was signed by Appellant, Appellant's counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification and show that Appellant has no right of appeal in this

2

case. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss the appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

September 22, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

CHRIS WOOTEN
#2089854
1992 HELTON RD.
PAMPA, TX.
79065

1 OF 1
*LEGAL*

COURT OF CRIMINAL APPEALS
OF TEXAS
P.O.B* 12308
CAPITOL STATION
AUSTIN, TX. 78711

#3
THIRD PART

AMARILLO TX
DM
DEC 14
2016

ADDITIONAL OUNCE

USA FOREVER

USA FOREVER